IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 3:10-CR-008-MEF-CCH |
| ANTHONY ANTONIO COX | : | |
| | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act.  At the end of such fourteen-day period, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge.

After such submission of this Report and Recommendation, whether or not objected to, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. Henderson v. United States, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion.); United States v. Mers, 701 F. 2d 1321, 1337 (11th Cir. 1983) ("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

IT IS SO ORDERED this 3rd day of January, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 3:10-CR-008-MEF-CCH |
| ANTHONY ANTONIO COX | : | |
| | : | |

### REPORT AND RECOMMENDATION

Defendant is charged in the indictment with one count of bank robbery committed on or about October 27, 2008, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of using a firearm in the commission of a violent crime on or about October 27, 2008, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). This action is before the Court on Defendant's Motion to Dismiss Indictment [45] ("Motion to Dismiss"). For the reasons discussed below, the undersigned **RECOMMENDS** that the Motion to Dismiss [45] be **DENIED**.

### DISCUSSION

Defendant has moved to dismiss the indictment on the ground that the Government failed to present exculpatory evidence to the Grand Jury. Defendant contends that, in November of 2009, his counsel at that time, Tina Richards, received

a letter from Michael Baskerville confessing to the bank robbery for which Defendant is charged. See Def. Ex. 1 (the "Baskerville Letter"). According to Defendant, Ms. Richards provided the Government with the Baskerville Letter on February 11, 2010, the same day she formally entered an appearance as counsel for Defendant in this action. Approximately five months later, on July 6, 2010, the Grand Jury returned an indictment against Defendant. Defendant argues that, based on the indictment, he is "assuming" that the Government failed to disclose the Baskerville Letter to the Grand Jury, and that the indictment must be dismissed as a result.

At a pretrial conference before the undersigned on January 3, 2011, the Government admitted that the Baskerville Letter had not been disclosed to the Grand Jury. According to counsel for the Government, however, Mr. Baskerville had recanted his "confession" after writing the Baskerville Letter, and had informed the Government that he had provided the Defendant with a written "confession" only after being paid a significant amount of money to do so by Defendant.

Thus, the Government admits that it did not provide the Baskerville Letter, exculpatory evidence, to the Grand Jury. Nevertheless, the undersigned finds that the Government's failure to disclose exculpatory evidence to the Grand Jury does not

require dismissal of the indictment. To the contrary, as the Defendant concedes in his brief, the Supreme Court has held that the Government is under no duty to disclose exculpatory evidence to the Grand Jury. United States v. Williams, 504 U.S. 36, 51-55 (1992).

> [R]equiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body. It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment it has always been thought sufficient to hear only the prosecutor's side. . . . Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system.

Williams, 504 U.S. at 51-52 (internal citations omitted); see also United States v. Gilbert, 198 F.3d 1293, 1304 (11th Cir. 1999) ("it is settled law that the prosecution is not required to include exculpatory evidence in its presentation to the grand jury").

Based on the direct and unequivocal holding in Williams, the undersigned finds that the Government was under no duty to disclose the Baskerville Letter to the Grand Jury. Accordingly, the Government's admitted failure to disclose the Baskerville Letter to the Grand Jury in this case does not require dismissal of the indictment.

## RECOMMENDATION

For the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [45] be **DENIED.**

**IT IS SO RECOMMENDED** this 3rd day of January, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE