IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ANTHONY ANTONIO COX, ) | CRIMINAL ACTION FILE |
| ) | |
| Movant, ) | NUMBER 3:10-cr-0008-TCB |
| ) | |
| v. ) | |
| ) | CIVIL ACTION FILE |
| UNITED STATES OF AMERICA, ) | |
| ) | NUMBER 3:13-cv-0148-TCB |
| Respondent. ) | |

## **ORDER**

This matter is before the Court on Movant Anthony Antonio Cox's objections [195] to Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [191], and Cox's motion to supplement exhibits [198], in which he seeks the Court's permission to submit letters to show that he asked appellate counsel to raise certain issues on appeal. Cox's motion to supplement exhibits [198] is **GRANTED**.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date

AO 72A
(Rev.8/82)

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

A federal grand jury in the Northern District of Georgia returned a two-count indictment charging Cox in Count One with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and in Count Two with using and brandishing a firearm in furtherance of the armed bank robbery, in violation of 18 U.S.C. § 924(c). Cox pleaded not guilty and proceeded to a four-day jury trial represented by Vionnette R. Johnson of the Federal Public Defender Program, Inc. The jury found Cox guilty of Count One and

3

AO 72A
(Rev.8/82)

acquitted him of Count Two.

Johnson filed a motion for a new trial on Cox's behalf, arguing that Cox was incompetent during his trial because newly discovered evidence revealed that he had not received his prescribed psychiatric medications during trial. However, counsel subsequently withdrew the motion. The Court sentenced Cox to 180 months of imprisonment.

Represented by new court-appointed counsel, Mary Erickson, Cox filed a timely notice of appeal. On appeal, the parties agreed that the Court had erred by applying a five-level sentencing enhancement for possessing or brandishing a firearm, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), without finding by a preponderance of the evidence that Cox possessed an actual firearm. The United States Court of Appeals for the Eleventh Circuit dismissed the appeal on the parties' joint motion and remanded the case for resentencing.

On remand, the Court resentenced Cox to 180 months of imprisonment. Still represented by Ms. Erickson, Cox filed a timely notice of appeal. In the initial appellate brief filed by counsel, Cox argued only that the Court abused its discretion by imposing an unreasonable sentence above

the guidelines.  Br. of Appellant, *United States v. Cox*, No. 12-13369-A (11th Cir. Aug. 14, 2012).  Cox filed a pro se motion, which the Eleventh Circuit "construed as motions to discharge counsel, appoint substitute counsel, and strike the initial brief, and as an alternate motion to dismiss [the] appeal with prejudice."  On October 15, 2012, the Eleventh Circuit denied Cox's motions to discharge counsel, appoint substitute counsel, and strike the initial brief, but granted his alternate motion to dismiss the appeal with prejudice.

In his 28 U.S.C. § 2255 motion, as modified by his traverse, Cox raises the following grounds for relief: (1) prosecutorial misconduct for (a) improperly arguing during closing argument that Paige Williams, Cynthia Fuqua, and RanDasha Guy were involved in a conspiracy to pay Michael Baskerville to falsely confess to the bank robbery that Cox was charged with when no such evidence was before the jury, (b) allowing Special Agent Cynthia J. Meyers to testify that Cox was the suspect in bank surveillance photographs, (c) knowingly using or failing to correct Baskerville's false testimony, and (d) failing to disclose impeaching and exculpatory calls and emails between Cox, Baskerville, and Fuqua; (2) his

5

attorneys provided him ineffective assistance (a) with respect to his prosecutorial misconduct and incompetency claims and the issue presented in ground four, (b) when trial counsel failed to investigate or withheld several recorded phone conversations between Cox, Fugua, and Guy, and (c) when trial counsel failed to request a handwriting analysis of government exhibit 39 or confront or cross examine Fuqua for forging that exhibit; and (3) the Court erred in denying his post-judgment pro se motion that he was incompetent during trial.  The government responds, in pertinent part, that ground one is procedurally defaulted, that Cox's ineffective assistance of counsel claims lack merit, and that Cox has failed to show that he was incompetent during trial.  Cox's traverse reasserts the merits of his grounds for relief.

     The magistrate judge found that ground one is procedurally barred, that Cox has not shown deficient performance by counsel or prejudice, and that the trial record does not support Cox's claim of incompetence and Cox has not shown prejudice based on his attorney's decision not to pursue an incompetency claim.  Cox's objections mostly reiterate arguments that he presented to the magistrate judge.  Having conducted a careful review of the

6

R&R and Cox's objections thereto, the Court finds the magistrate judge's factual and legal conclusions were correct and that Cox's objections lack merit.

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [191], DENIES this § 2255 motion to vacate sentence [173], and DECLINES to issue a certificate of appealability.

IT IS SO ORDERED, this 28th day of August, 2014.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)